AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America )
v. )
) Case No. 20-MJ-6078-AV
)
Drummond Neil Smithson, )
Defendant(s) )

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __9/12/2019__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(8) | Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(8). |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☒ Continued on the attached sheet.

_Complainant's signature_

Special Agent Carlos J. Morales, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/15/2020

_Judge's signature_

City and state: Fort Lauderdale, Florida

Honorable Alicia O. Valle, U.S. Magistrate
*Printed name and title*

## AFFIDAVIT

I, Carlos J. Morales, being duly sworn, depose and states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), having been so employed since January 30, 2011. As a Special Agent, my duties include the investigation of violations of Title 18 of the United States Code. I am currently assigned to the FBI Miami Field Office and focus on threat to life investigations.

2. I make this affidavit in support of an arrest warrant for **DRUMMOND NEIL SMITHSON**. Based on the facts set forth in this affidavit, I submit there is probable cause to believe that **DRUMMOND NEIL SMITHSON** possessed a firearm while a prohibited person, that is, while subject to a protective order, in violation of 18 U.S.C. § 922(g)(8).

3. The information contained in this affidavit is based upon my personal knowledge, as well as knowledge, information and documentation that I obtained from other law enforcement officers and civilian witnesses who have first-hand knowledge of the events described herein. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me concerning this investigation, but contains only facts necessary to establish probable cause for the instant request.

### FACTS ESTABLISHING PROBABLE CAUSE

4. On or about September 12, 2019, Fort Lauderdale police officers went to an apartment in Fort Lauderdale to assist Child Protective Services with an unrelated investigation. Upon arriving, officers made contact with **DRUMMOND NEIL SMITHSON**, who resided at the apartment. **DRUMMOND NEIL SMITHSON** was asked if there were any firearms in the apartment, and he stated that his two rifles and two handguns in the bedroom. It should be noted

that at the time of the encounter, the officers who were present were not aware that **DRUMMOND NEIL SMITHSON** was a person who was prohibited from possessing firearms.

5. Law enforcement went to the bedroom and observed the firearms, which were not secured or locked. **DRUMMOND NEIL SMITHSON** agreed to surrender the firearms, as well as ammunition, to Fort Lauderdale Police Department. Law enforcement seized two AR-10 rifles, a Glock 9mm pistol, a KelTec PMR-30 handgun, and various types of ammunition. The rifles and guns were confirmed to have been acquired through interstate commerce. The statements that **DRUMMOND NEIL SMITHSON** made regarding possession of the firearms were captured on body worn camera.

6. On or about September 12, 2019, **DRUMMOND NEIL SMITHSON** was subject to a protection order issued by a court of competent jurisdiction that established him as a prohibited person under 18 U.S.C. § 922(g)(8).

7. Fort Lauderdale Police Department officers later learned that **DRUMMOND NEIL SMITHSON** had been served on June 29, 2019 with an order of protection that prohibited him from possessing firearms or ammunition. This protective order was a temporary order issued in Montgomery County, Tennessee and contained notice of a hearing for a protection order on July 9, 2019. On July 9, 2019, the hearing was continued to August 13, 2019, and a deputy clerk of the court sent a copy of the continuance to **DRUMMOND NEIL SMITHSON**. This hearing on the protection order was then held on August 13, 2019, after which the court issued a protective order that restrained **DRUMMOND NEIL SMITHSON** and by its terms explicitly prohibited **DRUMMOND NEIL SMITHSON** from the use of physical force against intimate partner and child. Both orders expressly warned **DRUMMOND NEIL SMITHSON** that the possession of a firearm would be in violation of the order and could subject **DRUMMOND NEIL SMITHSON**

to prosecution under 18 U.S.C. § 922(g)(8). The order from August 13, 2019 further advised **DRUMMOND NEIL SMITHSON** that his status as a prohibited person applied across the United States.

8. **DRUMMOND NEIL SMITHSON** was taken into custody by Fort Lauderdale police officers on or about September 19, 2019. **DRUMMOND NEIL SMITHSON** was advised of his *Miranda* rights and agreed to waive them and make a statement, which was recorded. **DRUMMOND NEIL SMITHSON** admitted to owning firearms. **DRUMMOND NEIL SMITHSON** was asked if he was aware of the protective order prohibiting him from possessing firearms. **DRUMMOND NEIL SMITHSON** admitted he was aware of the order, but believed that because it was issued by a corrupt judge, that Florida would not enforce it.

## CONCLUSION

9. Based on the foregoing facts, I submit there is probable cause to believe **DRUMMOND NEIL SMITHSON** possessed a firearm while a prohibited person, that is, while subject to a protective order, in violation of 18 U.S.C. § 922(g)(8).

_____
Carlos J. Morales, Special Agent
Federal Bureau of Investigation

Subscribed and sworn before
me on February _____, 2019

_____
HONORABLE ALICIA O. VALLE
United States Magistrate Judge

3